IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Cr. No. 4:05-889 |
| | ) |
| vs. | ) |
| | ) |
| EZEKIEL DENNISON | ) <u>RESPONSE OF THE UNITED STATES</u> |
| | ) <u>OF AMERICA</u> |

COMES NOW, the United States of America, by and through its attorneys, William N. Nettles, United States Attorney, in and for said District of South Carolina, and A. Bradley Parham, Assistant United States Attorney, in and for said District, which states the following in response to Movant's letter, which can be construed as a motion to compel the government to file a Rule 35(b) motion for reduction of sentence, and moves that the Court deny said motion at this time based on the following:

On January 30, 2006, the defendant, Ezekiel Dennison, pled guilty to Count 1 of the Indictment, which charged him with violations of 21 U.S.C. Sections 841(a)(1) and 846. Following his plea Dennison was sentenced on October 11, 2006, to 192 months imprisonment. Prior to his sentencing, the government made a motion for downward departure on Dennison's behalf.

In his letter Dennison assumes that he is entitled to a reduction of his sentence under Fed. R. Crim. P. 35(b), and he asks this Court for "help" in obtaining a Rule 35(b) motion. However, he is not entitled to a sentence reduction at this time.

Under Rule 35(b) a defendant's sentence can be reduced for substantial assistance "upon the government's motion."  The government has decided not to make a motion for a reduction of sentence under Rule 35(b) at this time.  In his letter Dennison is asking the Court to "help" him obtain a Rule 35(b) motion based on his claim that he has provided assistance to the government for which he has not yet received credit.  Without even reaching the question of whether he has provided unrewarded assistance to the government, his motion does not provide a proper basis to compel a reduction of his sentence under Rule 35(b).

Rule 35(b) of the Federal Rules of Criminal Procedure establishes that a court may reduce a sentence to reflect substantial assistance by the defendant upon a motion by the government.  It is settled in the Fourth Circuit that a court may grant a downward departure in the absence of a government motion only if: 1) the government has obligated itself in a plea agreement to move for a departure, or 2) the government's refusal to move for a departure was based on an unconstitutional motive. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994)(citing Wade v. United States, 504 U.S. 181, 185-86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992).  If neither of these factors is present, a court may not grant a reduction even if the defendant has, in fact, provided substantial assistance. See id.; Wade, 504 U.S. at 186, 112 S.Ct. 1840.  A defendant seeking relief under the first factor bears the burden of proving the breach of a plea obligation by a

2

preponderance of the evidence according to normal contract principles. See United States v. Martin, 25 F.3d 211, 217 (4th Cir. 1994); United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991). A defendant seeking relief under either factor is not entitled to an evidentiary hearing on the basis of mere allegations; he must go beyond mere allegations and make a "substantial threshold showing" that the government was obligated or that an unconstitutional motive was involved before an evidentiary hearing and consideration on the merits are warranted. See United States v. Taylor, 1999 WL 30928 at 3 (4th Cir. January 26, 1999)(unpublished)(requiring a substantial threshold showing on the first factor); Wallace, 22 F.3d at 87 (requiring a substantial threshold showing on the second factor).

In this case there is no appropriate basis to compel a reduction of Dennison's sentence at this time. Specifically, the government has not made a motion pursuant to Rule 35(b), nor has Dennison presented evidence that the government has obligated itself to file such a motion. Indeed, the evidence appears to the contrary. The plea agreement in this case leaves the determination of what constitutes "substantial assistance" in the government's discretion. Paragraph 10 of Dennison's Plea Agreement states:

> "Provided the Defendant, EZEKIEL DENNISON, a/k/a O.G., cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by Attorneys for the Government as providing substantial assistance in the investigation or prosecution of another person who

> has committed an offense, the Attorneys for the Government agree to move the Court...for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. ..."

Thus, Dennison has failed to satisfy the first <u>Wallace</u> factor.

Regarding the second <u>Wallace</u> factor, Dennison never even claims, much less establishes, that the government's refusal to seek a reduction of his sentence under Rule 35(b) is based on any unconstitutional motive.  Thus, Dennison has failed to satisfy the second <u>Wallace</u> factor.  In short, Dennison has provided no basis to compel a reduction of his sentence under Rule 35(b).

The position taken by the Government in this Response, however, does not foreclose the possibility that the Government may in the future determine that Dennison's cooperation has reached the point that a Rule 35(b) motion for reduction of sentence is appropriate.  At this time, however, such a motion is premature.

WHEREFORE, based on the foregoing reasons, Dennison's letter fails to establish that he is entitled to a reduction of his sentence under Rule 35(b).  Therefore, to the extent that Dennison's letter constitutes a motion to compel the government to file a Rule 35(b) motion, the government respectfully requests that such motion be denied.

```
                                        Respectfully submitted,

                                        William N. Nettles
                                        United States Attorney


                                        By:/s/ A. Bradley Parham
                                            A. Bradley Parham
                                            Assistant U. S. Attorney

Florence, South Carolina
August 25, 2010
```

5

```
         IN THE DISTRICT COURT OF THE UNITED STATES
               DISTRICT OF SOUTH CAROLINA
                     FLORENCE DIVISION
```

UNITED STATES OF AMERICA         )    CRIMINAL NO. 4:05-889
                                 )
    vs.                          )    **CERTIFICATE OF SERVICE**
                                 )
EZEKIEL DENNISON                 )
                                 )
                                 )

The undersigned hereby certifies that he, as attorney of record, has caused an employee in the Office of the United States Attorney for the District of South Carolina, to serve on August 25, 2010, a true and correct copy of the Response of the United States in the above-captioned case on the following person by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Florence, South Carolina:


Ezekiel Dennison
#13505-171
U.S.P. Victorville
P. O. Box 5300
Adelanto, CA 92301




                                    /s/ A. Bradley Parham
                                    A. BRADLEY PARHAM
                                    Assistant United States Attorney


6