IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America, | Crim. No. 4:05-cr-00889-TLW-1 |
|---|---|
| v. | **Order** |
| Ezekiel Dennison | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant pled guilty to a charge of Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base, 5 Kilograms or More of Cocaine, and 1 Kilogram or More of Heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. After taking into account the § 851 Information that the Government previously filed, his statutory sentencing range was 20 years to Life, followed by at least 10 years of supervised release. PSR ¶¶ 100, 104. His Guidelines range at sentencing was 292–365 months (37/IV), followed by 10 years of supervised release.[1] PSR ¶¶ 101, 107. The Court granted the Government's motion for a downward departure and departed

---

[1] The PSR reflects a Guidelines range of 360 months to Life based on a total offense level of 39 and a criminal history category of IV, but after the Court sustained his objection to the two-level role adjustment, his range was reduced to 292–365 months. ECF No. 141.

1

four levels to a Guidelines range of 188–235 months (33/IV), and ultimately imposed a sentence of 192 months incarceration, followed by a 10-year term of supervised release. ECF No. 140. The Court later granted an additional three-level reduction pursuant to Rule 35(b) and reduced his sentence to 150 months imprisonment. ECF No. 193. The Court later granted a further reduction to 140 months imprisonment pursuant to Guidelines Amendment 782. ECF No. 228.

Defendant was released from custody on December 4, 2015 to begin serving his 10-year term of supervised release. On December 19, 2017, his supervised release was revoked, and he was sentenced to 36 months imprisonment with no supervised release to follow. ECF No. 289.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." The Court concludes that Defendant is not eligible for relief because he was charged with and pled guilty to the § 841(b)(1)(A) threshold amounts of crack, cocaine, and heroin, and the Fair Sentencing Act did not reduce the statutory penalties applicable to either cocaine or heroin. Thus, his statutory sentencing range would have been the same if the Fair Sentencing Act had been in place when he committed the offense of

2

conviction.[2]

Furthermore, § 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Even if Defendant were eligible for a sentence reduction, the Court would exercise its discretion to not reduce his sentence for several reasons, including (1) he was held accountable at sentencing for a crack weight (12.6 kilograms) that would have easily supported a charge to the current threshold amount (280 grams);[3] (2) he has two juvenile adjudications for burglary, a juvenile adjudication for possession with intent to distribute marijuana, an adult conviction for simple assault, and an adult conviction for possession with intent to distribute crack; and (3) his revocation judgment was based on multiple violations, including possession with intent to distribute cocaine, possession of marijuana, and use of cocaine. For these reasons, even if he were eligible for a sentence reduction under the First Step Act, the Court would decline to reduce his sentence.

For these reasons, Defendant's motion, ECF No. 310, is **DENIED**.

---

[2] The fact that Defendant is currently serving a revocation sentence does not make him ineligible for a sentence reduction under the First Step Act. *United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019) ("[G]iven that [the defendant's] revocation sentence is part of the penalty for his initial offense, he is still serving his sentence for a 'covered offense' for purposes of the First Step Act. Thus, the district court had the authority to consider his motion for a sentence reduction, just as if he were still serving the original custodial sentence."). But here, unlike in *Venable*, the statutory penalties applicable to Defendant's offense of conviction were not modified by the Fair Sentencing Act.

[3] Defendant was also held accountable for 72 kilograms of heroin. PSR ¶ 41.

IT IS SO ORDERED.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

December 11, 2019
Columbia, South Carolina